Yoon O. Ham SBN 244121
Michael R. Lewis SBN 247934
Burke, Lewis & Ham LLP
222 N. Mountain Avenue, Suite 204
Upland, CA 91786
Telephone: (909) 946-5370
Facsimile: (909) 946-5380

Attorney for Defendant/Debtor
JOHN ROBERT SHOFFNER

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>JOHN ROBERT SHOFFNER,<br><br>    Debtor.<br><br>_____<br><br>MEDIA LAB, INC. a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN ROBERT SHOFFNER,<br>    Defendant. | Case No.: 6:08-bk-21023-PC<br>Adv. Case No.: 6:08-ap-01406-PC<br>Chapter 7<br><br>**NOTICE OF MOTION AND CROSS-MOTION FOR SUMMARY JUDGMENT ON CLAIMS UNDER U.S.C. SECTION 523(a)(2)(A), OR IN THE ALTERNATIVE, FOR AN ADJUDICATION OF UNDISPUTED FACTS, DECLARATION OF JOHN ROBERT SHOFFNER**<br><br>Date: October 23, 2009<br>Time: 9:30 a.m.<br>Ctrm: 304<br>Judge: Hon. Peter C. Carroll |

TO THE HONORABLE PETER C. CARROLL, UNITED STATES BANKRUPTCY JUDGE, PLAINTIFF, AND HIS ATTORNEYS OF RECORD:

John Robert Shoffner, (hereinafter "Defendant") by and through his attorneys of record, hereby files his Notice of Motion and Cross-Motion For Summary Judgment (hereinafter "Motion") on all causes of action in the Complaint For Non-Dischargeability of Debt (hereinafter "Complaint") filed by Media Lab, Inc. (hereinafter "Plaintiff").

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
-1-

1  NOTICE IS HEREBY GIVEN that the hearing on the Motion shall be heard on October 23, 2009, at 9:30 a.m. at the United States Bankruptcy Court, located at 3420 Twelfth Street, Riverside CA 92501 in Courtroom 304. The Motion is brought pursuant to Fed. R.Civ.P.56, which is made applicable by FedR. Bankr. P. 7056 and Local Bankruptcy Rule 9013-1, and is applicable to all causes of action in the Complaint.

This Motion on Claims in the Complaint pursuant to U.S.C. Sections 523(a)(2)(A) is made on the grounds that : (1) there are no genuine issues as to any material facts to grant Plaintiff's Claim for Relief, (2) the Superior Court Judgment in favor of Plaintiff and against Defendant was based upon the same facts, transactions and occurrences as Plaintiff's instant Complaint, and did not result in a fraud verdict for Plaintiff, (3) Plaintiff's Superior Court Judgment has not been appealed, and is now final; and (4) Plaintiff's Superior Court Judgment collaterally estops Plaintiff from proceeding in this Adversary Proceeding. This Motion is based upon the Notice of Motion, the Motion and inclusive Memorandum of Points and Authorities, and the Declaration of John Robert Shoffner included herein.

NOTICE IS FURTHER GIVEN that any opposition to the Motion must be served and filed at least twenty-one days prior to the hearing of said Motion. Failure to file such an opposition may be deemed a waiver of one's right to oppose the Motion.

## INTRODUCTION

Plaintiff filed a Superior Court Complaint against Defendant and others. The trial Court, in a default hearing, ruled for Plaintiff. The Judgment, however, does not mention anything regarding any fraud claims against Defendant. Plaintiff's claims in the Complaint are based on the same facts and circumstances as the Superior Court Complaint. A default judgment is considered to be a judgment on the merits in California. Therefore, the Judgment is res judicata, and must be given either collateral estoppel effect, claim preclusion, or both. For these reasons, there are no issues of material facts. Accordingly, Judgment should be rendered in favor of Defendant on all causes of action.

///

# THE FACTS

1. Pre-petition, Defendant sued Plaintiff in Superior Court in a civil matter involving the disputed ownership and use of several internet website domain names. Plaintiff filed a counter-suit in that action against Defendant, and was granted a default judgment against Defendant on November 1, 2006. Plaintiff's claims against Defendant were dismissed. To date, no appeal of this decision has been filed by any party.

2. On August 22, 2008, Defendant filed his Chapter 7 petition. On October 14, 2008, Plaintiff filed his Complaint against Defendant with this court.

## CAUSE EXISTS TO GRANT THE MOTION

3. The only issue for a motion for summary judgment is whether there are any genuine issues of material fact to be determined at trial. *Covey v. Hollydale Mobilehome Estates*, 126 F.3d 830, 834 (9th Circuit 1997). Motions for summary judgment look beyond the pleadings to the available evidence to determine whether a genuine need for trial exists. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552 (1986). "A `material fact' is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. The materiality of a fact is thus determined by the substantive law governing the claim or defense." *T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Genuine issues of material fact are those "factual issues that make a difference to the potential outcome and `that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" *Svob. v. Bryan* (In re Bryan), 261 B.R. 240, 243 (9th Cir. BAP 2001). The moving party is required to make a showing that there is no triable issue of material fact and that the moving party is thus entitled to judgment as a matter of law. *Celotex* Supra at 2553-2554. As set forth below, based upon the lower court judgment, Defendant has clearly met his burden.

4. The opposing party must affirmatively show facts supporting the existence of a viable legal theory, and may not merely rely upon unsupported or conclusory allegations. *Celotex* Supra at 2553-2554. In this case, Plaintiff's lower court judgment is based on the same facts and

circumstances as the Complaint. Under California law, a default judgment is considered to be a judgment on the merits, is final, and thus res judicata. To date, there have been no appeals of this judgment filed by any party.

5. Plaintiff's lower court judgment was based on the same facts and circumstances as the Complaint. The lower court judgment did not result in a fraud verdict. Plaintiff, in his Complaint at ¶¶ 5 and 29, states that the lower court Judgment was based on Defendant's fraud, false pretenses and false representations. However, Plaintiff's Judgment, hereby attached and incorporated by reference as Exhibit A, makes no mention of fraud, false pretenses or false representation. If the lower court judgment was in fact based upon Defendant's fraud, false pretenses or false representations, it should at least mention the word "fraud" or contain an award for punitive damages. The Judgment does neither. It is telling that Plaintiff is careful in his Complaint not to directly state that the judgment resulted in a verdict for fraud, false pretenses and false representations, but only that it was *based* upon those actions by Defendant.

### **COLLATERAL ESTOPPEL APPLIES IN THIS CASE**

6. Collateral estoppel, or issue preclusion, applies in nondischargeability actions. See *Grogan v. Garner,* 498 U.S. 279, 284-85 & n.11 (1991). "So long as (a party) invokes collateral estoppel and demonstrates that its elements are satisfied, the bankruptcy court must apply collateral estoppel on an issue fully and fairly litigated in another court." Objections to the dischargeability of a debt are to be literally and strictly construed against the objector and liberally construed in favor of the debtor. *Quarre v. Saylor* (In re Saylor), 108 F.3d 219, 221 (9th Circuit 1997). Issue preclusion prevents a party from relitigating an issue that the party has actually litigated and lost in a prior proceeding. See *R.T.C. v. Keating,* 186 F.3d 1110, 1114 (9th Circuit 1999); *Roussos v. Michaelides* (In re Roussos), 251 B.R. 86, 92 (9th Cir. BAP 2000). Issue preclusion serves to protect litigants from multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication by reducing the likelihood of inconsistent decisions. *Allen v. McCurry,* 449 U.S. 90, 94 (1980). See generally, C. Klein, et. al., Principles of

Preclusion and Estoppel in Bankruptcy Cases, 79 Am. Bankr. L.J. 839, 852-58 (2005). See also *In re Kaligh,* (9th Cir. BAP 2006).

7. Under California law, "collateral estoppel bars relitigating when '(1) the issue decided in the prior action is identical to the issue presented in the second action; (2) there was a final judgment on the merits; and (3) the party against whom estoppel is asserted was a party...to the prior adjudication.'" *Id.* quoting *Garrett v. City and County of San Francisco,* 818 F.2d 1515, 1520 (9th Circuit 1987).

8. Plaintiff's judgment, while taken by default, is a final judgment upon the merits that was actually litigated. In California, it is well established that a judgment obtained by default satisfies the requirement that a judgment be actually litigated. See *Green v. Kennedy* (In re Green), 198 B.R. 564, 566 (9th Cir. BAP 1996), (stating that in California, a default judgment "'conclusively establishes, between the parties so far as subsequent proceedings on a different cause of action are concerned, the truth of all material allegations contained in the complaint in the first action, and every fact necessary to uphold the default judgment.'")(quoting Mitchell v. Jones, 172 Cal.App.2d 580, 342 P.2d 503, 507 (1959)). The court must also consider whether applying collateral estoppel advances public policy considerations. See *Young v. Caruso,* 51 Cal.App.4th 401, 59 Cal. Rptr. 2d 103, 106 (Cal. Ct. App. 1996).

9. This matter is a perfect example of when collateral estoppel should be applied. First, Plaintiff's lower court judgment was based on the same facts and circumstances as the Complaint. According to Plaintiff in his Complaint, the judgment was based on Defendant's alleged fraud, false pretenses and false representation. Plaintiff's statement in his Complaint shows that these allegations, along with any and all facts supporting the allegations, were considered by the lower court in rendering its judgment. Also, Plaintiff has based his complaint on the lower court Judgment, which Plaintiff states was based on Defendant's fraud, false representations and false statements. Second, the Superior Court matter, including, by Plaintiff's own admission in his Complaint, the issues of fraud, false pretenses and false representation, resulted in a default judgment for Plaintiff, which is a final judgment on the merits. Third,

Plaintiff was a party to the Superior Court case of the same issues, and had the same counsel as in the instant matter. Finally, public policy considerations, such as preventing inconsistent judgments and duplicative trials, justify the application of collateral estoppel to the Section 523 causes of action in the Complaint. For the foregoing reasons, collateral estoppel applies in this case.

10. Preclusion has four requirements: (1) parties in both cases are either identical or in privity; (2) a judgment rendered by a court of competent jurisdiction; (3) a prior action concluded to final judgment on the merits, and (4) the same claims and or causes of action involved in both actions. *Rein v. Providian fin. Corp.*, 252 F.3d 1095, 1098 (9th Circuit 2001); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Circuit 2001). These elements are met in this case. Plaintiff and Defendant were parties in the Superior Court case. That court, a Superior Court in the county of Los Angeles, State of California, was a court of competent jurisdiction. A default judgment was rendered, which is a final adjudication on the merits. Both the Superior Court case and the instant case are based upon the same claims. Accordingly, this Motion should be granted in its entirety. Plaintiff had his opportunity to get a judgment for fraud, false pretenses and false representation, but could not do so. Plaintiff should not be allowed to re-litigate the matter now and collaterally attack the lower court Judgment. For the foregoing reasons, this Motion should be granted in its entirety.

### THERE WAS NO FRAUD UNDER SECTION 523(a)(2)(A)

11. The elements of fraud for the purposes of nondischargeability actions are (1) the debtor made...representations; (2) that at the time he made the representations he knew they were false; (3) that he made them with the intention and purpose of deceiving...; (4) that there was reliance on such representations; (5) that such reliance resulted in loss and damage as the proximate result of the misrepresentations having been made. *Britton v. Price* (In re Britton), 950 F.2d 602, 604 (9th Circuit 1991). These requirements mirror the common law elements of fraud. See *Citibank v. Eashai* (In re Eashai), 87 F.3d 1082, 1087 (9th Circuit 1996). These are the same elements used in the Superior Court case.

12. These elements were not satisfied in the Superior Court, and Plaintiff's default judgment does not contain a judgment for fraud against Defendant. Attached and incorporated by reference as Exhibit B is a printout of a web page for the Superior Court of the State of California, County of Los Angeles web page for case summaries showing the heading for the lower court case (hereinafter "Summary"). This Summary lists the case type as "Othr Breach Contr/Warr-not Fraud". The Superior Court does not consider that case to be one involving fraud. This is especially telling as Plaintiff, in his Complaint, states that the action was based upon Defendant's fraud, false statements and false representations. Accordingly, because the Superior Court judgment was based upon the same facts and circumstances as the Complaint, and did not result in a fraud judgment, Plaintiff cannot satisfy the cause of action under Section 523(a)(2)(A).

## IF THE COURT FINDS THAT COLLATERAL ESTOPPEL DOES NOT APPLY, THEN THE COURT SHOULD ALTERNATIVELY APPLY RES JUDICATA TO DENY PLAINTIFF'S CLAIM

13. Even if this Court finds that collateral estoppel does not apply, this Court should alternatively apply res judicata to deny Plaintiff's claim against Defendant. In *Cogliano v. Karl T. Anderson, Chapter 7 Trustee* (In re Cogliano), 355 B.R. 792, 802 (B.A.P. 9th Cir. 2006), the court stated that:

> The Ninth Circuit has concisely framed the preclusion concepts: Generally, the preclusive effect of a former adjudication is referred to as "res judicata." The doctrine of res judicata includes two distinct types of preclusion, claim preclusion and issue preclusion. Claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action. Claim preclusion prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. (citing *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321-322 (9th Circuit 1988).

14. Res judicata is distinct as compared to collateral estoppel, or issue preclusion, and covers a broader spectrum:

[i]ssue preclusion bars relitigation only of issues that have been actually litigated, while the broader brush of claim preclusion may also bar a cause of action that never has been litigated," *In re George,* 318 B.R. 729, 733 (9th Cir. B.A.P. 2004), that is, another action on the same "claim." For these purposes, a "claim" is a plaintiff's right to pursue remedies "with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Restatement (Second) of Judgments ("Restatement")* § 24(1) (1982). When there has been a final judgment on a part of a "claim," the right to obtain remedies...respecting that claim is extinguished. See Christopher Klein et al., *Principles of Preclusion and Estoppel in Bankruptcy Cases,* 79 Am. Bankr.L.J. 839, 849, and *George,* 318 B.R. at 735-37. *Id.* at 803-804.

If in fact Plaintiff failed to include any claims for fraud against Defendant, the General Rule of Merger works against Plaintiff so that he cannot now bring his claim for non-dischargeability against Defendant. The General Rule of Merger at *Restatement (Second) of Judgments* § 18 (1982) precludes a plaintiff from maintaining an action on the original claim after a final judgment. *In re Associated Vintage Group, Inc.,* 283 B.R. 549, 558 (B.A.P. 9th Cir. 2002).

15. In the instant case, Plaintiff admits in his Complaint at ¶¶ 5 and 29 that the lower court Judgment was based on Defendant's fraud, false pretenses and false representations. Defendant, due to several moves, no longer has a copy of Plaintiff's cross-complaint in the lower court. Even though this Court does not have a copy of the lower court cross-complaint to use in determining whether Plaintiff included claims for fraud, false pretenses and false representation, this Court should apply res judicata, or claim preclusion, to Plaintiff's claim in his Complaint.

16. All of the requirements for res judicata, or claim preclusion, have been met. Plaintiff's Judgment against Defendant involved the same parties and the same transactions or occurrences. This is evidenced by Plaintiff's use of the lower court judgment as a basis for his Complaint. As shown above, a default judgment is a final adjudication on the merits. No party has appealed the Judgment. That Judgment is the full measure of relief that Plaintiff is entitled to, and any right he had as to any remedies or claims against Defendant that he could have brought against him in the

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
-8-

lower court has extinguished. Nowhere in Plaintiff's Complaint does he state that his Judgment was for fraud, false pretenses and false representations. In fact, Plaintiff is careful to state only that his Complaint was *based* on Defendant's fraud, false pretenses and false representations. This is an admission that Plaintiff either had these issues before the lower court and failed to get a judgment on those claims, or he completely failed to include these charges as causes of action in that matter. If Plaintiff did not include causes of action for fraud, false pretenses and false representation, he has no one to blame but himself, and he should not be allowed to belatedly bring those claims in this Court.

17. Plaintiff may attempt to use one of the exceptions to res judicata, but none apply in this case. Plaintiff and Defendant have nowhere agreed to split any claims Plaintiff may have against Defendant. Through the course of both the lower court and the instant case, there is no appearance that Plaintiff is splitting a claim. Finally, Plaintiff cannot claim that he was in state court involuntarily in the lower court matter as a result of Pullman abstention by the federal court. For the foregoing reasons, this Motion should be granted in its entirety.

**THE ROOKER FELDMAN DOCTRINE PRECLUDES THIS COURT FROM IGNORING THE JUDGMENT**

18. The Rooker Feldman Doctrine applies where the purpose of federal litigation is to attack a state court judgment. *Exxon Mobile Corp. v. Saudi Basic Industries,* 125 S.Ct. 1517, 1522-1527 (2005). This Doctrine precludes Plaintiff from attempting to relitigate the Superior Court case. See *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Col. Court of App. V. Feldman,* 460 U.S. 462 (1983); and *In re Williams,* (9th Circuit BAP 2002).

19. In *Bianchi v. Rylaarsdam,* 334 F.3d 895 (9th Circuit 2003), the court addressed the Rooker Feldman Doctrine and held that, under the Rooker Feldman Doctrine, a federal district court is without subject matter jurisdiction to hear an appeal from the judgment of a state court. This is essentially what Plaintiff is trying to achieve, and should not be allowed obtain.

20. Plaintiff may rely upon *In re Lopez,* 367 B.R. 99 (9th Circuit BAP 2007). In that matter, the court observed that *Exxon,* supra, "severely constrained" the Rooker Feldman Doctrine, and that it has nothing to do with issue preclusion. The court also held that dischargeability cases are

independent federal claims, which can be decided in a manner inconsistent with a state judgment based on exactly the same facts, and that bankruptcy courts in California have discretion in applying the Rooker Feldman Doctrine. *Id.*

21. The facts in *Lopez* are different that those of the instant case, and accordingly, *Lopez* should not apply. In *Lopez,* the Debtor contended that he was improperly denied a jury trial, and that his lawyer was involved in a "screaming match" with the Superior Court judge. These issues are not present in the instant case. Plaintiff does not complain, nor should he, that he was in any way impeded in obtaining his default judgment against Defendant. Plaintiff was represented by the same counsel as in the instant case. Even though the Court has discretion in applying the Rooker Feldman Doctrine, it should be applied in this case. Plaintiff cannot complain that he did not have an opportunity to fully litigate the issues in Superior Court that he now is attempting to re-litigate in this Court. There is no need to relitigate the same issues just because Plaintiff is not satisfied with his Judgment in the lower court.

### THIS COURT MUST GIVE FULL FAITH AND CREDIT TO THE JUDGMENT

22. Under 28 U.S.C. § 1783, the federal full faith and credit statute, federal courts must give state court judgments the same preclusive effect that those judgments would receive from another court of the same state. *Far Out Productions, Inc. v. Oskar,* 247 F.3d 986, 993 (9th Circuit 2001). State law determines any preclusive effect of a judgment entered in this case. *Gayden v. Nourbakhsh* (In re Nourbakhsh) 67 F.3d 798, 800 (9th Circuit 1995). See also *In re Bigelow,* (9th Cir. BAP 2001).

23. Here, there is a final, valid judgment upon the merits. This Court cannot and does not sit as an appellate court to review and analyze the judgment. The full faith and credit statute precludes this Court form reviewing the judgment. Accordingly, this Court must give full faith and credit to the judgment.

///

///

///

WHEREFORE, Defendant prays for judgment as follows:

1. That the Motion be granted in full as to the cause of action under Section 523;
2. That Judgment be rendered in favor of Defendant and against Plaintiff on the cause of action under Section 523;
3. For an adjudication of undisputed facts and conclusions of law;
4. For Defendant's attorney's fees and costs according to proof by declaration pursuant to Section 523(d) and or 105;
5. For such and other relief as the Court may deem just and proper.

Dated: September 24, 2009            BURKE, LEWIS & HAM LLP

By: /s/ Michael R. Lewis
Michael R. Lewis SBN 247934
Attorney for Defendant/Debtor

### DECLARATION OF JOHN ROBERT SHOFFNER

I, John Robert Shoffner, declare as follows;

1. I am the Defendant in this case. I have personal knowledge of the following information and, if called upon to testify, I could and would competently testify as to the following. I have reviewed my files, records and recollections in this matter, and all of the documents relating to the Superior Court case and Complaint, this Chapter 7 case and this Adversary Proceeding. I am personally familiar with my files and the documents as they relate to these cases. I am the one who was in control of my files and records. All entries in my files and records, and all recollections I maintain were made or formed at or around the time the facts and circumstances that are the subject of the instant action occurred.

2. Pre-petition, in Superior Court, I filed suit against Plaintiff. Plaintiff then filed a counter-suit against me for dischargeable and nondischargeable causes of action involving the ownership and use of internet domain names. Due to financial difficulties, I could not retain my counsel throughout this case.

3. Because I could not afford to retain my counsel, Plaintiff was able to get a default judgment against me in the Superior Court on or about November 1, 2006. I was not at the default judgment hearing, and do not know if there was a court reporter at the default hearing. After reviewing my files and records, is my best recollection that this Judgment was not for fraud. The Judgment does not state anything regarding a fraud claim or award. A true and correct copy of the judgment is attached and incorporated by reference as Exhibit A. Due to several moves, I no longer have a copy of Plaintiff's cross-complaint from the lower court case, and have not been successful in obtaining a copy from the court.

4. Plaintiff, to the best of my knowledge, has not appealed the Judgment at this time. I have not appealed the Judgment.

5. Plaintiff's instant Complaint against me involves the same parties and the same transactions or occurrences as the Superior Court case which resulted in a default judgment against me.

6. Plaintiff, in his Complaint, does not state that he has a Judgment for fraud against me, only that he has a judgment that is *based* on fraud, false pretenses and false representations.

7. The Superior Court for the State of California, County of Los Angeles web site under Case Summaries lists the Superior Court case to be "not Fraud". A true and correct print out of the Superior Court Case Summary page heading for this case is attached and incorporated by reference as Exhibit B.

8. I never engaged in any activity against Plaintiff that was fraudulent in any way, shape or form.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Dated: September 24, 2009

By: _____
John Robert Shoffner
Defendant/Debtor

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
-12-

# EXHIBIT A

Judgment for Superior Court Case Number GC034866

KRONENBERGER BURGOYNE, LLP
Karl S. Kronenberger (Bar No. 226112)
Henry M. Burgoyne, III (Bar No. 226112)
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

Attorneys for Defendant and
Cross-Complainant MEDIA LAB, INC.,
and Defendant JAMES KIRKWOOD

# COURT OF THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES

| | |
|---|---|
| JOHN SHOFFNER, an individual, and JOHN SHOFFNER d.b.a. CITY WARE/WEBPRO'S,<br><br>Plaintiff,<br><br>v.<br><br>MEDIA LAB, INC., a California corporation, and JAMES KIRKWOOD, an individual<br><br>Defendant.<br><br>MEDIA LAB, INC., a California corporation,<br><br>Defendant and Cross-Complainant,<br><br>v.<br><br>JOHN SHOFFNER, an individual, and JOHN SHOFFNER d.b.a. CITY WARE/WEBPRO'S,<br><br>Cross-Defendant. | CASE NO. GC034866  **BY FAX**<br><br>[PROPOSED] JUDGMENT AGAINST PLAINTIFF AND CROSS-DEFENDANT JOHN SHOFFNER, INDIVIDUALLY AND D.B.A. CITY WARE/WEBPRO'S |

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Cross-Complainant MEDIA LAB, INC. ("Defendant") be awarded Judgment in this action against Plaintiff and Cross-Defendant JOHN SHOFFNER ("Plaintiff"), individually and doing business as CITY WARE / WEBPRO'S.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that:

1. Plaintiff and its respective officers, directors, agents, servants, employees, successors, licensees, and assignees, and all persons, firms, partners, or corporations in active concert or participation with them, are hereby ordered to transfer the domain names welcomemagazine.com, californiaamusementparks.com, ticketfun.com, and parktickets.us to MEDIA LAB;

2. Any domain registrar through which any of the domains listed in paragraph one above, is hereby ordered to transfer the domain names welcomemagazine.com, californiaamusementparks.com, ticketfun.com, and parktickets.us to MEDIA LAB;

3. Plaintiff and its respective officers, directors, agents, servants, employees, successors, licensees, and assignees, and all persons, firms, partners, or corporations in active concert or participation with them, are permanently enjoined from doing, threatening, or attempting to do or causing to be done, either directly or indirectly, by any means, method, or device, directly or indirectly contacting or doing business with MEDIA LAB's contractual partners;

4. MEDIA LAB is awarded statutory damages in the amount of $100,000.00, in accordance with 15 USC § 1125(d) and 15 USC § 1117(d);

5. MEDIA LAB is hereby awarded compensatory damages in the amount of $79,314;

6. MEDIA LAB is also awarded costs of $1,597.43 in accordance with California Code of Civil Procedure § 1033.5.

7. MEDIA LAB is also awarded its attorneys' fees $42,083.95 in accordance with California Code of Civil Procedure § 1033.5, 15 USC § 1117(a), and Cal. Penal Code § 502(e)(2).

IT IS SO ORDERED, ADJUDGED, AND DECREED.

DATED: 11/1/06

_____
The Honorable Joseph De Vanon

# EXHIBIT B

Printout of Case Summary Heading Page for Civil Case Number GC034866

# Case Summary

**Case Number:** GC034866
JOHN SHOFFNER VS. MEDIALAB INC.

**Filing Date:** 02/04/2005
**Case Type:** Othr Breach Contr/Warr-not Fraud (General Jurisdiction)
**Status:** Default Judgment Pursuant to Decl. 11/01/2006

---

**Future Hearings**
None

---

Documents Filed | Proceeding Information

## Parties

ALLDOMAINS.COM INC. - Cross-Defendant

DBA CITY WARE/WEB PRO'S - Plaintiff

JAMES KIRKWOOD - Defendant

KAWA MARK T. LAW OFFICES OF - Attorney for Cross-Defendant

KRONENBERGER BURGOYNE LLP - Atty for Defendant and Cross-Compl

LAW OFFICE OF DANIEL I. WAGNER - Former Attorney for Plaintiff

MARKMONITOR INC. - Cross-Defendant

MEDIALAB INC. - Defendant

SHOFFNER JOHN - Plaintiff

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA
COUNTY OF SAN BERNARDINO

I am employed in the State of California, County of San Bernardino. I am over the age of eighteen and not a party to the action within. My business address is 222 N. Mountain Ave., Suite 204, Upland CA 91786.

On September 28, 2009, I served, on recycled paper, the forgoing documents titled **DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE FOR AN ADJUDICATION OF UNDISPUTED FACTS, DECLARATION OF JOHN ROBERT SHOFFNER, STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW, PROPOSED ORDER** (a copy attached hereto) in this action by placing a true and correct copy thereof enclosed in a sealed envelope, postage prepaid, in the United States mail in Upland, California, and addressed as follows:

| | |
|---|---|
| HENRY M. BURGOYNE, ESQ.<br>KRONEBERGER BURGOYNE, LLP<br>150 POST STREET, SUITE 520<br>SAN FRANCISCO, CA 94108 | JEFFREY M. ROSENFILD, ESQ.<br>KRONEBERGER BURGOYNE, LLP<br>150 POST STREET, SUITE 520<br>SAN FRANCISCO, CA 94108 |
| MARGARITA CALPOTURA, ESQ.<br>KRONEBERGER BURGOYNE, LLP<br>150 POST STREET, SUITE 520<br>SAN FRANCISCO, CA 94108 | MEDIA LAB, INC.<br>419 AVENIDA ARLENA<br>SAN CLEMENTE, CA 92672 |
| STEVEN M. SPEIER, TRUSTEE<br>3403 TENTH STREET, SUITE 742<br>RIVERSIDE, CA 92501 | UNITED STATES TRUSTEE'S OFFICE<br>3685 MAIN STREET, SUITE 300<br>RIVERSIDE, CA 92501 |

Executed on September 28, 2009 at Upland, California.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

By: _[signature]_
Walter Gonzalez