

RECEIVED
FILED
MAY 20 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: Deputy Clerk
FILED
MAY 23 2010
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY Deputy Clerk
ENTERED
MAY 24 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: Deputy Clerk

**KRONENBERGER BURGOYNE, LLP**
Henry M. Burgoyne, III (CA Bar No. 203748)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
hank@KBInternetLaw.com
jeff@KBInternetLaw.com

Attorneys for Plaintiff and Judgment Creditor,
MEDIA LAB, INC.

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE:**<br><br>**JOHN ROBERT SHOFFNER,**<br><br>**Debtor.** | Chapter 7<br><br>Case No. 6:08-bk-21023-PC<br><br>Adversary No. 6:08-ap-01406-PC<br><br>**JOINT PRETRIAL ORDER** |
| **MEDIA LAB, INC.** a California corporation,<br><br>Plaintiff and judgment creditor,<br><br>vs.<br><br>**JOHN ROBERT SHOFFNER**, an individual,<br><br>Defendant and judgment-debtor. | DATE: May 27, 2010<br>TIME: 9:00 a.m.<br>PLACE: U.S. Bankruptcy Court<br>Courtroom # 304<br>3420 Twelfth Street<br>Riverside, CA 92501<br><br>The Honorable Peter H. Carroll |

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Pursuant to Local Bankruptcy Rule 7016-1(b)(2) and the Order Setting Trial Date and Establishing Procedures for Conduct of Trial, Plaintiff Media Lab, Inc. ("Plaintiff" or "Media Lab") and Defendant John Shoffner ("Shoffner") jointly file this pretrial order.

**A. "The following facts are admitted and require no proof:" (Set forth a concise statement of each.)**

(Facts Nos. 1-9 were set forth in Media Lab's First Set of Request for Admissions. As discussed below, *infra* Part F, Shoffner failed to respond to these Requests for Admission and the Court deemed them admitted.)

1. Plaintiff sells discounted theme park tickets through various Internet websites, including the website located at <welcomemagazine.com>.

2. Media Lab engaged Shoffner in October 2000 as a website designer and webmaster.

3. Media Lab never granted Shoffner any ownership interest in Media Lab or any of its website properties.

4. Shoffner requested that Media Lab grant Shoffner with access to Media Lab's registrar account with Network Solutions.

5. Shoffner told Media Lab that access to its registrar account was necessary for Shoffner to perform his duties for Media Lab.

6. Media Lab provided Shoffner with access to its registrar account.

7. Without Media Lab's knowledge or consent, Shoffner transferred Media Lab's domain name, <welcomemagazine.com> to an account with a different registrar, which was in Shoffner's—and not Media Lab's—name.

8. In early 2005, Shoffner learned that Media Lab intended to replace him with a new website designer and webmaster.

9. Upon learning of the termination of his engagement with Media Lab, Shoffner: a) created websites that were substantially similar to Media Lab's websites; b) redirected Media Lab's domain names, including <welcomemagazine.com>, to these new websites; and c) generated revenue from these websites.

10. In February 2005, Shoffner filed a complaint against Media Lab in the California Superior Court for Los Angeles County (the "State Action"). On March 15, 2005, Media Lab filed a cross-complaint against Shoffner, alleging among other things, that Shoffner violated the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. §1125(d), by wrongfully taking control and using the domain name <welcomemagazine.com>.

11. On November 1, 2008 the California Superior Court entered a judgment in the State Action in favor of Media Lab and against Shoffner.

12. The California Superior Court found that Shoffner had engaged in Cybersquatting of Media Lab's trademark and domain name in violation of 15 U.S.C. §1125(d) (the "Judgment").

13. The California Superior Court also awarded attorneys' fees to Media Lab and against Shoffner in accordance with 15 U.S.C. §1117(a).

14. The most recent writ of execution, issued by the California Superior Court on September 2008, states that Shoffner owes Media Lab $261,497.08 on the Judgment (including costs,fees, and interest).

15. To date, Shoffner has not paid a cent of the Judgment.

**B. "The following issues of fact, and no others, remain to be litigated:" (Set forth a concise statement of each.)**

1. Whether Shoffner's conduct in cybersquatting the domain name <welcomemagazine.com> was willful or malicious.

**C. "The following issues of law, and no others, remain to be litigated:" (Set forth a concise statement of each.)**

1. Whether Shoffner's conduct in cybersquatting the domain name <welcomemagazine.com> was willful or malicious under 11 U.S.C. §523(a)(6), making the Judgment a non-dischargeable debt under the same provision.

**D. "Attached is a list of exhibits intended to be offered at the trial by each party, other than exhibits to be used for impeachment only. The parties have exchanged copies of all exhibits." (Attach a list of exhibits in the sequence to be offered, with a description of each, sufficient for identification, and as to each state whether or not there is objection to its**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**admissibility in evidence and the nature thereof.) If deposition testimony is to be offered as part of the evidence, the offering party must comply with LBR 7030-1.**

Attached hereto as Exhibit 1 is Plaintiff's list of exhibits intended to be offered at trial. Plaintiff sent this list of exhibits, along with the actual exhibits, to Shoffner's counsel by Federal Express on April 27, 2010. Shoffner has not served any objections to Plaintiff's exhibits.

Shoffner did not file or serve a list of exhibits, or any actual exhibits, by the May 5, 2010 deadline.

**E. "The parties have exchanged a list of witnesses to be called at trial." The parties must exchange a list of names and addresses of witnesses, including expert witnesses, to be called at trial other than those contemplated to be used for impeachment or rebuttal. The lists of witnesses must be attached to the proposed joint pretrial order together with a concise summary of the subject of their proposed testimony. If an expert witness is to be called at trial, the parties must exchange short narrative statements of the qualifications of the expert and the testimony expected to be elicited at trial. If the expert to be called at trial has prepared a report, the report must be exchanged as well.**

Attached hereto as Exhibit 2 a list of witnesses Plaintiff intends to call at trial with a concise summary of the subject of their proposed testimony. Plaintiff sent Shoffner this list of witnesses, along with the actual witness declarations containing the witness testimony, by Federal Express on April 27, 2010. Plaintiff does not intend to call any expert witnesses.

Shoffner did not file or serve any objections to Plaintiff's exhibits or witness declarations by the May 5, 2010 deadline.

**F. "Other matters that might affect the trial such as anticipated motions in limine, motions to withdraw reference due to timely jury trial demand pursuant to LBR 9015-2, or other pretrial motions."**

Plaintiff served its First Set of Requests for Admission on February 26, 2009, which are attached hereto as Exhibit 3. Shoffner's responses were due April 1, 2009. Plaintiff's counsel sent numerous meet-and-confer requests to Shoffner's counsel. However, Shoffner failed to respond to the Requests. As such, the Requests for Admission have been deemed admitted.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**G. "All discovery is complete."**

Discovery in this action closed on July 10, 2009.

**H. "The parties are ready for trial."**

The parties are prepared for trial.

**I. The estimated length of trial.**

The parties estimate that the length of trial is 1 day.

**J. "The foregoing admissions have been made by the parties, and the parties have specified the foregoing issues of fact and law remaining to be litigated. Therefore, this order supersedes the pleadings and governs the course of trial of this cause, unless modified to prevent manifest injustice."**

The parties hereby certify that the foregoing admissions have been made, and the parties have specified the foregoing issues of fact and law remaining to be litigated. Therefore, this order supersedes the pleadings and governs the course of trial of this cause, unless modified to prevent manifest injustice.

Respectfully submitted,

Dated: May 20, 2010

KRONENBERGER BURGOYNE, LLP

By: ______________________
Jeffrey M. Rosenfeld

Attorneys for Plaintiff, MEDIA LAB, INC.

Dated: May __, 2010

BURKE LEWIS & HAM LLP

By: ______________________
Michael R. Lewis

Attorneys for Defendant, JOHN SHOEFNER

SO ORDERED

DATED: May 23, 2010

U.S. Bankruptcy Judge

**G. "All discovery is complete."**

Discovery in this action closed on July 10, 2009.

**H. "The parties are ready for trial."**

The parties are prepared for trial.

**I. The estimated length of trial.**

The parties estimate that the length of trial is 1 day.

**J. "The foregoing admissions have been made by the parties, and the parties have specified the foregoing issues of fact and law remaining to be litigated. Therefore, this order supersedes the pleadings and governs the course of trial of this cause, unless modified to prevent manifest injustice."**

The parties hereby certify that the foregoing admissions have been made, and the parties have specified the foregoing issues of fact and law remaining to be litigated. Therefore, this order supersedes the pleadings and governs the course of trial of this cause, unless modified to prevent manifest injustice.

Respectfully submitted,

Dated: May __, 2010

KRONENBERGER BURGOYNE, LLP

By: ______________________
Jeffrey M. Rosenfeld

Attorneys for Plaintiff, MEDIA LAB, INC.

Dated: May 20, 2010

BURKE LEWIS & HAM LLP

By: ______________________
Michael R. Lewis

Attorneys for Defendant, JOHN SHOFFNER

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

2010-05-20 11:51:49 GMT -07:00 | (866) 269-1151 | 154929

# Exhibit 1

Attorney for Plaintiff/Movant(s): ☒ or Defendant/Respondent(s): ☐

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>JOHN ROBERT SHOFFNER<br><br>Debtor(s) | Case No.: 6:08-bk-21023-PC<br><br>Adversary No.: 6:08-ap-01406-PC<br><br>Chapter 7 ☒ 11 ☐ 13 ☐<br><br>**EXHIBIT REGISTER AND NOTICE**<br><br>**RE DISPOSITION OF EXHIBITS** |
| MEDIA LAB, INC. a California corporation<br>Plaintiff/Movant(s)<br><br>vs.<br><br>JOHN ROBERT SHOFFNER, an individual<br>Defendant/Respondent(s) | Hearing Date: May 27, 2010<br><br>Hearing Time: 9:00 a.m.<br><br>Hearing Place: Courtroom #304<br>3420 Twelfth Street<br>Riverside, CA 92501 |

**LIST OF EXHIBITS (*NUMBERED, TAGGED AND A BRIEF DESCRIPTION OF EXHIBIT)**

1. WHOIS Domain history March 2004 for <welcomemagazine.com>
2. WHOIS Domain history January 2005 for <welcomemagazine.com>
3. California Secretary of State Corporate Registration Statement
4. A set of excerpts from Welcome Magazine from 2000 through 2005
5. Whois domain history July 2001 for <welcomemagazine.com>
6. Invoices from Network Solutions, Inc.
7. Declaration of Kenneth Lowe
8. Cover and masthead for the March/April 2000 issue of "Welcome Magazine"
9. 2004 1099-MISC federal tax form for John Shoffner
10. A copy of the Welcome Magazine Website
11. Cross-complaint in Shoffner v. Media Lab, Inc., No. GC034866
12. Judgment issued in Shoffner v. Media Lab, Inc., No. GC034866
13. Writ of Execution for Shoffner v. Media Lab, Inc., No. GC034866
14. Media Lab, Inc.'s first set of discovery requests for admission
15. Attorney letter dated April 9, 2009

B-3024 * **EXHIBITS OF PLAINTIFF/MOVANT(S) SHALL BE MARKED WITH NUMBERS. EXHIBITS OF DEFENDANT/RESPONDENT(S) SHALL BE MARKED WITH LETTERS.**

**NOTICE RE DISPOSITION OF EXHIBITS**

NOTICE IS HEREBY GIVEN THAT EXHIBITS PRESENTED TO THE COURT MUST BE WITHDRAWN FROM THE CLERK'S OFFICE AFTER THE EXPIRATION OF THE TIME FOR APPEAL, OR WHERE NO APPEAL IS TAKEN, ENTRY OF A STIPULATION WAIVING OR ABANDONING THE RIGHT TO APPEAL, FINAL DISPOSITION OF THE APPEAL, OR BY ORDER OF THE COURT (LOCAL RULE 5003-2). EXHIBITS MUST BE WITHDRAWN WITHIN THIRTY (30) DAYS OF THIS NOTICE. EXHIBITS WHICH ARE NOT WITHDRAWN SHALL BE DESTROYED.

______________________________
Date

**KATHLEEN J. CAMPBELL**
U. S. Bankruptcy Court

By: ______________________________
Deputy Clerk

---

Disposed of on ______________________ Deputy Clerk ______________________

Withdrawn on ______________________ By: ______________________

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE:**<br>**JOHN ROBERT SHOFFNER,**<br>**Debtor.** | Chapter 7<br>Case No. 6:08-bk-21023-PC<br>Adversary No. 6:08-ap-01406-PC<br>EXHIBIT REGISTER AND NOTICE RE DISPOSITION OF EXHIBITS, CONTINUED |
| **MEDIA LAB, INC.** a California corporation,<br>Plaintiff and judgment creditor,<br>vs.<br>**JOHN ROBERT SHOFFNER**, an individual,<br>Defendant and judgment-debtor. | Trial Date: May 27, 2010<br>Trial Time: 9:00 a.m.<br>Courtroom: 304 |

**LIST OF EXHIBITS, CONTINUED (*NUMBERED, TAGGED AND A BRIEF DESCRIPTION OF EXHIBIT)**

16. Attorney letter dated April 15, 2009

17. Attorney letter dated April 21, 2009

# Exhibit 2

**Plaintiff Media Lab, Inc. intends to call the following witnesses:**

1)    Jim Kirkwood

    a.    Jim Kirkwood intends to testify about: a) the background and operation of Media Lab, Inc.; b) Media Lab's creation and operation of Internet websites; c) Media Lab's engagement of Shoffner as Media Lab's website administrator; d) John Shoffner's misconduct in his role as Media Lab's website administrator, and specifically Shoffner's cybersquatting of Media Lab's domain names, including <www.welcomemagazine.com>; e) the damages Media Lab has suffered as a result of John Shoffner's misconduct; f) the judgment Media Lab obtained against Shoffner for cybersquatting.

2)    Jason Berry

    a.    Jason Berry intends to testify about: a) Berry's experience with website design and search engine optimization; b) Berry's relationship with Media Lab; c) Berry's efforts to recover Media Lab's domains from John Shoffner, including the domain <www.welcomemagazine.com>; d) Berry's interactions with John Shoffner; and e) the damages that Media Lab, Inc. has suffered as a result of John Shoffner's misconduct.

# Exhibit 3

**KRONENBERGER BURGOYNE, LLP**
Henry M. Burgoyne, III (CA Bar No. 203748)
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
Margarita Calpotura (CA Bar No. 244711)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
hank@KBInternetLaw.com
karl@KBInternetLaw.com
jeff@KBInternetLaw.com
margarita@KBInternetLaw.com

Attorneys for Plaintiff and Judgment Creditor,
MEDIA LAB, INC.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE:**<br><br>**JOHN ROBERT SHOFFNER,**<br><br>**Debtor.** | Chapter 7<br><br>Case No. 6:08-bk-21023-PC<br><br>Adversary No. 6:08-ap-01406-PC<br><br>**PLAINTIFF MEDIA LAB, INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT JOHN ROBERT SHOFFNER** |
| **MEDIA LAB, INC.** a California corporation,<br><br>Plaintiff and judgment creditor,<br><br>vs.<br><br>**JOHN ROBERT SHOFFNER**, an individual,<br><br>Defendant and judgment-debtor. | |

PROPOUNDING PARTY: PLAINTIFF MEDIA LAB, INC.

RESPONDING PARTY: DEFENDANT JOHN ROBERT SHOFFNER

SET NUMBER: ONE

Plaintiff and Judgment Creditor Media Lab, Inc. ("Media Lab" or "Plaintiff") by and through its attorneys, hereby requests, pursuant to Federal Rules of Civil Procedure Rule 36 and Federal Rule of Bankruptcy Procedure 7036, that Defendant and Judgment Debtor John Robert Shoffner ("Shoffner" or "Defendant") respond to the following Requests for Admission ("Requests") within the time permitted by law. These Requests are governed by the following Definitions and Instructions.

## DEFINITIONS

1. "YOU" and "YOUR," as used herein mean and include John Robert Shoffner, and/or WebPros, and/or ALL PERSONS acting on YOUR behalf.

2. "MEDIA LAB" as used herein means and includes Media Lab, Inc., and ALL PERSONS acting on its behalf, including without limitation ALL past or present officers, directors, employees, representatives, consultants, partners, independent contractors, agents and attorneys, as well as ANY past or present predecessor, successor, parent, subsidiary, division or affiliate thereof, whether domestic or foreign and whether owned in whole or in part.

3. "COLLIS" as used herein means and includes Laura Collis and ALL PERSONS acting on her behalf.

4. "ARES" as used herein means and includes Advanced Reservation Systems, Inc., and ALL PERSONS acting on its behalf, including without limitation ALL past or present officers, directors, employees, representatives, consultants, partners, independent contractors, agents and attorneys, as well as ANY past or present predecessor, successor, parent, subsidiary, division or affiliate thereof, whether domestic or foreign and whether owned in whole or in part.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

5. "THIRD-PARTY" as used herein means ANY PERSON other than MEDIA LAB or YOU, including, without limitation and in the broadest sense possible, customers, employees, and ticket vendors.

6. "MEDIA LAB DOMAINS" as used herein means individually and collectively the <welcomemagazine.com>, <ticketfun.com>, <californiaamusementparks.com>, and <parktickets.us>, domain names, at all times since their initial inception.

7. "MEDIA LAB WEBSITES" as used herein means the websites resolving to some or all of the MEDIA LAB DOMAINS.

8. "DISPUTED DOMAINS" as used herein means individually and collectively the following domain names:

- americansales.com
- americansales.net
- california-amusement-parks.com
- disneyland-park.com
- disneyland-resort.com
- disneys-california-adventure.com
- going2ca.com
- going2ca.net
- going2california.net
- goingtoca.com
- goingtoca.net
- goingtocalifornia.com
- goingtocalifornia.net
- greencarmotel.com
- knotts-theme-park.com
- legoland-california.com
- random-photos.com
- sea-world-san-diego.com
- seaworld-san-diego.com
- southern-california-citypass.com
- ticketsinc.us
- universal-studios-hollywood.com
- zoo-san-diego.com

9. "PERSON" or "PERSONS" means and includes ANY individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, limited liability corporation (LLC), doing business as (DBA), or other legal, business or governmental entity.

10. "ANY" and "ALL" shall both be interpreted in the most inclusive light, and shall include "ANY AND ALL."

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

11. "DOCUMENT" and "DOCUMENTS" shall have the meaning ascribed to it by Fed. R. Civ. Proc. R. 34 and to "writings" and "recordings" by Fed. R. Evid. 1001, and include without limitation the original and each non-identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic or other matter, in whatever form, in any medium, whether in final or draft.

12. "COMMUNICATION" or "COMMUNICATIONS" includes every manner and means of disclosure, transfer, or exchange, and every discussion, conversation, or disclosure, transfer, or exchange of information, whether orally or by DOCUMENT. COMMUNICATION may be embodied in ANY means or media, INCLUDING writing, computer readable files, electronic mail, voicemail, digital recording, sound recording, or video recording.

13. "EACH" means each and every.

14. The term "INCLUDING" as used herein is illustrative and is in no way a limitation on the information requested.

15. "REGARDING" shall be construed in the broadest sense and shall mean and include: concerning, alluding to, responding to, referring to, connected with, commenting on, summarizing, with respect to, pertaining to, about, regarding, discussing, involving, showing, referring, describing, reflecting, analyzing, evidencing, comprising, constituting, containing, embodying, mentioning, consisting of or otherwise relating to the subject matter.

16. As used herein, the singular form of a noun or pronoun will include within its meaning the plural form of a noun or pronoun, and vice versa: the use of the masculine form of a pronoun will include within its meaning the feminine form of the pronoun, and vice versa; the use of the tense of any verb will include all other tenses of the verb so used; in the use of "and" will include "or" and vice versa.

**INSTRUCTIONS**

1. For each request, admit the request, specifically deny the request, or state in detail why YOU cannot truthfully admit or deny it.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

2.    All information requested herein is to be set forth if it is in the possession of, control of, or is available and accessible to YOU or YOUR respective agents, consultants, counsel, or representatives.

3.    When a Request does not specifically request a particular fact, but such a fact is necessary in order to make the response to the Request comprehensible, complete, or not misleading, such fact shall be included as part of the response and the Request shall be deemed specifically to request such fact.

4.    If reasonable investigation and diligent inquiry fail to reveal information sufficient to respond to a Request or any part thereof, the response should so state.  The response shall also state why the information is not available, the efforts that were undertaken to locate such information, and the PERSON who has or is likely to have the information which is claimed unavailable.

5.    If YOU do not admit a matter, YOUR answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  Any denial must fairly respond to the substance of the matter and provide the basis for YOUR denial. When good faith requires that YOU qualify an answer or deny only a part of a matter, YOUR answer must specify the part admitted and qualify or deny the rest. YOU may assert lack of knowledge or information as a reason for failing to admit or deny only if YOU have made a reasonable inquiry and the information YOU can readily obtain is insufficient to enable YOU to admit or deny the request.

6.    If ANY information called for by any Request is withheld on the basis of a claim of privilege or attorney work-product, the claimed basis for withholding the information and the nature of the information shall be set forth in a privilege log which includes a statement of ALL the circumstances which will be relied upon to support such claim.

7.    These Requests shall be deemed continuing in nature so as to require supplementary answers between the time answers are served and the time of trial, in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Admit that MEDIA LAB sells discounted theme park tickets through various Internet websites.

**REQUEST NO. 2:**

Admit that MEDIA LAB sells discounted tickets through the website <www.welcommagazine.com>.

**REQUEST NO. 3:**

Admit that MEDIA LAB sells discounted tickets through the website <www.ticketfun.com>.

**REQUEST NO. 4:**

Admit that MEDIA LAB hired YOU in October 2000 as a website designer and webmaster.

**REQUEST NO. 5:**

Admit that MEDIA LAB asked YOU to register various domain names on its behalf.

**REQUEST NO. 6:**

Admit that MEDIA LAB never granted YOU ANY ownership interest in the company or ANY of its website properties.

**REQUEST NO. 7:**

Admit that YOU requested that MEDIA LAB grant YOU access to MEDIA LAB's registrar account with Network Solutions.

**REQUEST NO. 8:**

Admit that YOU told MEDIA LAB that YOU needed access to its Network Solutions registrar account to perform YOUR duties for MEDIA LAB.

**REQUEST NO. 9:**

Admit that MEDIA LAB gave YOU access to its Network Solutions registrar account.

**REQUEST NO. 10:**

Admit that YOU changed the DNS sever for the MEDIA LAB WEBSITES.

**REQUEST NO. 11:**

Admit that YOU changed the DNS sever for the MEDIA LAB WEBSITES without MEDIA LAB's consent.

**REQUEST NO. 12:**

Admit that YOU transferred the MEDIA LAB DOMAINS to an account with a different registrar.

**REQUEST NO. 13:**

Admit that YOU transferred the MEDIA LAB DOMAINS to an account with a different registrar without MEDIA LAB's consent.

**REQUEST NO. 14:**

Admit that YOU did not inform MEDIA LAB that you had transferred the MEDIA LAB DOMAINS to another registrar.

**REQUEST NO. 15:**

Admit that YOU transferred the MEDIA LAB DOMAINS to an account with a different registrar, which was registered in YOUR name and not in MEDIA LAB's name.

**REQUEST NO. 16:**

Admit that MEDIA LAB asked YOU to register the domain name <californiaamusementparks.com> on behalf of MEDIA LAB.

**REQUEST NO. 17:**

Admit that MEDIA LAB asked YOU to register the domain name <parktickets.us> on behalf of MEDIA LAB.

**REQUEST NO. 18:**

Admit that YOU registered the domain names <californiaamusementparks.com> and <parktickets.us>.

**REQUEST NO. 19:**

Admit that YOU registered the domain names <californiaamusementparks.com> and <parktickets.us> in YOUR name and not MEDIA LAB's name.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**REQUEST NO. 20:**

Admit that in early 2005, YOU learned that MEDIA LAB intended to replace YOU with a new web designer and webmaster.

**REQUEST NO. 21:**

Admit that YOU have created websites that are substantially similar to the MEDIA LAB WEBSITES in look, feel, and purpose.

**REQUEST NO. 22:**

Admit that YOU created websites that were substantially similar to the MEDIA LAB WEBSITES in look, feel, and purpose but did not transfer these websites to MEDIA LAB.

**REQUEST NO. 23:**

Admit that YOU created websites that were substantially similar to the MEDIA LAB WEBSITES in look, feel, and purpose but did not inform MEDIA LAB of these websites.

**REQUEST NO. 24:**

Admit that YOU redirected several of the MEDIA LAB DOMAINS to websites YOU created that were substantially similar to the MEDIA LAB WEBSITES in look, feel, and purpose.

**REQUEST NO. 25:**

Admit that YOU redirected several of the MEDIA LAB DOMAINS to websites YOU created that were substantially similar to the MEDIA LAB WEBSITES in look, feel, and purpose without informing MEDIA LAB.

**REQUEST NO. 26:**

Admit that YOU have generated revenue from the websites that resolve to the DISPUTED DOMAINS.

**REQUEST NO. 27:**

Admit that during the last year YOU have generated revenue from websites that resolve to the DISPUTED DOMAINS.

**REQUEST NO. 28:**

Admit that ARES has made payments to YOU.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**REQUEST NO. 29:**

Admit that during the last year ARES has made payments to YOU.

**REQUEST NO. 30:**

Admit that during the last year ARES has made payments to YOU for traffic that YOU generated on websites.

**REQUEST NO. 31:**

Admit that during the last year ARES has made payments to YOU for traffic that YOU generated on websites that resolve to the DISPUTED DOMAINS.

**REQUEST NO. 32:**

Admit that YOU did not sell or transfer the DISPUTED DOMAINS to COLLIS.

**REQUEST NO. 33:**

Admit that YOU have no evidence YOU transferred the DISPUTED DOMAINS to COLLIS.

**REQUEST NO. 34:**

Admit that YOU have not provided ANY revenue from websites that resolve to the DISPUTED DOMAINS to COLLIS.

**REQUEST NO. 35:**

Admit that YOU have not provided ANY money from ARES to COLLIS.

**REQUEST NO. 36:**

Admit that ARES has not paid ANY money to COLLIS directly.

**REQUEST NO. 37:**

Admit that YOU have no evidence that YOU have provided ANY revenue from the websites resolving to the DISPUTED DOMAINS to COLLIS.

DATED: February 26, 2009

KRONENBERGER BURGOYNE, LLP

By: [signature]
Margarita Calpotura

Attorneys for Plaintiff and Judgment Creditor, MEDIA LAB, INC.

**KRONENBERGER BURGOYNE, LLP**
Henry M. Burgoyne, III (CA Bar No. 203748)
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
Margarita Calpotura (CA Bar No. 244711)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
hank@KBInternetLaw.com
karl@KBInternetLaw.com
jeff@KBInternetLaw.com
margarita@KBInternetLaw.com

Attorneys for Plaintiff and Judgment Creditor,
MEDIA LAB, INC.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE:**<br><br>**JOHN ROBERT SHOFFNER,**<br><br>**Debtor.** | Chapter 7<br><br>Case No. 6:08-bk-21023-PC<br><br>Adversary No. 6:08-ap-01406-PC<br><br>**PROOF OF SERVICE** |
| **MEDIA LAB, INC.** a California corporation,<br><br>Plaintiff and judgment creditor,<br><br>vs.<br><br>**JOHN ROBERT SHOFFNER**, an individual,<br><br>Defendant and judgment-debtor. | |

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**PROOF OF SERVICE**

I am a resident of the state of California, over the age of eighteen years and not a party to this action. My business address is 150 Post Street, Suite 520, San Francisco, California, 94108.

On February 26, 2009, I served the following document(s) below:

1) **PLAINTIFF MEDIA LAB, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JOHN ROBERT SHOFFNER**

2) **PLAINTIFF MEDIA LAB, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT JOHN ROBERT SHOFFNER**

3) **PLAINTIFF MEDIA LAB, INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT JOHN ROBERT SHOFFNER**

On the parties listed below as follows:

*Counsel for Defendant:*

Yoon O. Ham
Burke, Lewis & Ham LLP
222 N. Mountain Ave, Ste 204
Upland, CA 91786-5714

[X] BY FIRST CLASS MAIL, by placing a true copy thereof in a sealed envelope, with postage thereon fully prepaid, for collection and mailing, in San Francisco, California, following ordinary business practices, which is deposited with the US Postal Service the same day as it is placed for processing.

[ ] BY EMAIL, to the address listed above.

[X] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

DATED: February 26, 2009

[signature]
Sumeena Birdi

Main Document Page 25 of 25

| In re: Debtor(s). | CHAPTER: CASE NUMBER: |
|---|---|

**NOTE TO USERS OF THIS FORM**:

1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) JOINT PRETRIAL ORDER was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of 5/24/2010, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Yoon O Ham hamy@burkelewisham.com
- Michael R Lewis mlewis@lewishamlaw.com
- Steven M Speier Sspeier@Squarmilner.com, ca85@ecfcbis.com
- United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Henry M Burgoyne
Margarita Calpotura
Jeffrey M Rosenfeld
150 Post St Ste 520
San Francisco, CA 94108

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* **F 9021-1.1**