FILED
MAY 27 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

**KRONENBERGER BURGOYNE, LLP**
Henry M. Burgoyne, III (CA Bar No. 203748)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
hank@KBInternetLaw.com
jeff@KBInternetLaw.com

Attorneys for Plaintiff and Judgment Creditor,
MEDIA LAB, INC.

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>JOHN ROBERT SHOFFNER,<br><br>Debtor. | Chapter 7<br><br>Case No. 6:08-bk-21023-PC<br><br>Adversary No. 6:08-ap-01406-PC |
| MEDIA LAB, INC. a California corporation,<br><br>Plaintiff and judgment creditor,<br><br>vs.<br><br>JOHN ROBERT SHOFFNER, an individual,<br><br>Defendant and judgment-debtor. | **DECLARATION OF JEFFREY M. ROSENFELD IN SUPPORT OF MEDIA LAB, INC.'S CASE IN CHIEF**<br><br>Trial Date: May 27, 2010<br>Trial Time: 9:00 a.m.<br>Courtroom: 304 |

Adversary No. 6:08-ap-01406-PC        DECL. OF J. ROSENFELD IN SUPPORT OF
                                       MEDIA LAB'S CASE IN CHIEF

I, Jeffrey M. Rosenfeld, declare as follows:

1. I am an attorney admitted to practice in the State of California and the United States District Court for the Central District of California. I am an associate at the law firm of Kronenberger Burgoyne, LLP, counsel of record for Plaintiff and Judgment Creditor Media Lab, Inc. ("Media Lab"). Unless otherwise stated, I have personal knowledge of the matters stated herein.

2. On March 16, 2005 plaintiff and judgment creditor Media Lab filed a cross-complaint against Defendant and Judgment Debtor John Robert Shoffner ("Shoffner") for fraud, conversion, cybersquatting, computer fraud, violations of the federal Lanham Act, and violations of California Business & Professions Code section 175200, in the California Superior Court for Los Angeles County, Case No. GC034866 (the "State Action").

3. On November 1, 2006, the California Superior Court for Los Angeles County entered judgment against Shoffner and in favor of Media Lab in the State Action, awarding Media Lab $222,995.38 in damages, costs, and fees (the "State Judgment"). Exhibit 12 is a true and correct copy of the State Judgment.

4. Under the Media Lab's most recently renewed writ of execution on the Judgment, Media Lab has accrued an additional $38,486.70 in interest on the Judgment. Exhibit 13 is a true and correct copy of the most recently renewed writ of execution.

5. On October 14, 2008, Media Lab filed this adversary proceeding seeking to declare the State Judgment as a non-dischargeable debt of Shoffner.

6. Media Lab served its First Set of Requests for Admission, First Set of Requests for Production, and Interrogatories (collectively, the "Requests") on counsel for Shoffner on February 26, 2009. Shoffner's responses were due April 1, 2009. Exhibit 14 is a true and correct copy of the Requests for Admission and proof of service.

7. Shoffner failed to provide responses to any of the Requests.

8. On April 9, 2009, I sent a letter to counsel for Shoffner initiating the meet

1 and confer process regarding Shoffner's failure to respond to the Requests. Exhibit 15 is a true and correct copy of this letter.

9. Shoffner failed to respond to this first meet-and-confer letter. And Shoffner still failed to respond to any of the Requests.

10. On April 15, 2009, I sent a second letter to counsel for Shoffner regarding Shoffner's failure to respond to the Requests and failure to meet and confer. Exhibit 16 is a true and correct copy of this letter.

11. Shoffner failed to respond to this second meet-and-confer letter. And Shoffner still failed to respond to any of the Requests.

12. On April 21, 2009, I sent a third letter to counsel for Shoffner regarding Shoffner's failure to respond to the Requests and failure to meet and confer. Exhibit 17 is a true and correct copy of this letter.

13. Shoffner failed to respond to this third meet-and-confer letter. And Shoffner still failed to respond to any of the Requests.

14. In or around April 2009, I received a telephone call from counsel for Shoffner requesting an extension of time to respond to the Requests. I informed counsel that Shoffner's responses to the Requests were already severely late, but that we would accept amended responses if we received them within a week.

15. To date, we have not received any response to any of the Requests.

16. As a result of Shoffner's failure to respond to Media Lab's Requests for Admission—despite Media Lab's multiple reminders and opportunities to amend the responses—these Requests for Admission have been deemed admitted.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed this 23rd day of April of 2010 at San Francisco, California.

_____
Jeffrey M. Rosenfeld

Adversary No. 6:08-ap-01406-PC

2

DECL. OF J. ROSENFELD IN SUPPORT OF MEDIA LAB'S CASE IN CHIEF